1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE MIDDLE DISTRICT OF ALABAMA

3                  MIDDLE DIVISION

4

5    UNITED STATES OF AMERICA,

6          Plaintiff,
                              CASE NO.:
7          VS.
                              3:08-cr-00037-WHA-TFM-1
8

9    JEFFREY WAYNE YOUNG,

10         Defendant.

11

12

13          *     *     *     *     *

14          **CHANGE OF PLEA HEARING**

15          *     *     *     *     *

16

17         TESTIMONY & PROCEEDINGS BEFORE THE

18   HONORABLE TERRY F. MOORER, United States District

19   Judge, before Jeana S. Boggs, Certified Court

20   Reporter and Notary Public, United States Federal

21   Courthouse, One Church Street, Montgomery, Alabama,

22   commencing at approximately 11:02 a.m., Tuesday,

23   April 15, 2008.

24

25

```
 1                APPEARANCES OF COUNSEL

 2    FOR THE UNITED STATES OF AMERICA:

 3             HONORABLE NATHAN D. STUMP

 4             Assistant U. S. Attorney

 5             131 Clayton Street

 6             Montgomery, Alabama  36104

 7             334.223.7280

 8    FOR THE DEFENDANT JEFFREY WAYNE YOUNG:

 9             HONORABLE THOMAS KIRVEN BRANTLEY

10             Attorney At Law

11             Brantley & Haywood

12             401 N. Foster Street

13             Montgomery, Alabama  36303

14             334.793.9009

15                    * * *

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  This is the time set for a
2                  change of plea in the case of the
3                  United States of America versus
4                  Jeffrey Wayne Young, Case Number
5                  3:08-cr-37.
6                      Is the United States ready to
7                  proceed?
8          MR. STUMP:  Yes, we are, Your Honor.
9          THE COURT:  Is the Defendant ready to
10                 proceed?
11         MR. BRANTLEY:  Yes, he is, Your Honor.
12         THE COURT:  Mr. Young, it's my
13                 understanding that you wish to
14                 change your plea of not guilty to
15                 guilty?
16         MR. YOUNG:  Yes, sir.
17         THE COURT:  For that purpose, I need
18                 you to take the Oath.
19         CLERK:  Would you raise your right hand
20                 as best you can.
21                     (At which time, Mr. Young was
22                 sworn.)
23         THE COURT:  Do you understand,
24                 Mr. Young, that you are now under
25                 Oath, and if you answer any of my

1           questions falsely, it may subject

2           you to another prosecution for

3           perjury or making a false

4           statement?

5      MR. YOUNG:  Yes, sir.

6      THE COURT:  What is your full name?

7      MR. YOUNG:  Jeffrey Wayne Young.

8      THE COURT:  How old are you, Mr. Young?

9      MR. YOUNG:  Thirty-two.

10     THE COURT:  How far did you go in

11          school?

12     MR. YOUNG:  Tenth grade.

13     THE COURT:  Have you been treated

14          recently for any mental illness or

15          addictions of narcotic drugs of

16          any kind?

17     MR. YOUNG:  No, sir.

18     THE COURT:  Are you currently under the

19          influence of any drug, medication,

20          or alcoholic beverage of any kind?

21     MR. YOUNG:  No, sir.

22     THE COURT:  Have you received a copy of

23          the indictment; that is, the

24          formal written charge made against

25          you in this case?

```
 1              MR. YOUNG:  Yes, sir.
 2         THE COURT:  Have you had an opportunity
 3              to discuss the charge fully with
 4              your attorney?
 5              MR. YOUNG:  Yes, sir.
 6         THE COURT:  And are you fully satisfied
 7              with Mr. Brantley's counsel
 8              representation and advice in this
 9              case?
10              MR. YOUNG:  Yes, sir.
11         THE COURT:  It's my understanding that
12              there is a plea agreement in this
13              case, and I have here in front of
14              me a document consisting of eight
15              pages, which purports to be a plea
16              agreement.  Is this your signature
17              on the plea agreement, Mr. Young?
18              MR. YOUNG:  Yes, sir.
19         THE COURT:  Did you have an opportunity
20              to read and discuss the plea
21              agreement with your attorney
22              before you signed the plea
23              agreement?
24              MR. YOUNG:  Yes, sir.
25         THE COURT:  Does the plea agreement
```

1                   reflect in its entirety the

2                   understanding that you have with

3                   the United States; in other words,

4                   is the complete deal that you have

5                   with the United States written in

6                   this plea agreement?

7    MR. YOUNG:  Yes, sir.

8    THE COURT:  Do you understand the terms

9                   of the plea agreement?

10   MR. YOUNG:  Yes, sir.

11   THE COURT:  Mr. Stump, if you would,

12                  please recite for me what the

13                  terms of the plea agreement are.

14   MR. STUMP:  Yes, Your Honor.  The

15                  agreement being submitted under

16                  Rule 11-C-1(c) of the Federal

17                  Rules of Criminal Procedure, the

18                  Government agrees to a two-level

19                  reduction and the applicable

20                  defense level and an additional

21                  point at sentencing should the

22                  defendant qualify.  The Government

23                  also agrees to recommend sentence

24                  to the low end of the applicable

25                  guideline range as calculated by

```
 1              the Court and reserves the right

 2              to inform the Court and the

 3              probation officer of all facts

 4              pertinent to the sentencing

 5              process.  The defendant agrees to

 6              plead guilty to Count 1 of the

 7              indictment.  He further agrees not

 8              to commit any other Federal,

 9              state, or local offense while

10              awaiting sentencing.  He waives

11              his right to appeal or collateral

12              attack of the sentence except on

13              the grounds of ineffective

14              assistance of counsel persecutory

15              and misconduct.

16         THE COURT:  Mr. Young, is that your

17              understanding of the plea

18              agreement?

19         MR. YOUNG:  Yes, sir.

20         THE COURT:  And, Mr. Brantley, does

21              that accurately state the terms of

22              the plea agreement?

23         MR. BRANTLEY:  It does, Your Honor.

24         THE COURT:  Has anyone made any promise

25              or assurance that is not in the
```

```
 1              plea agreement to persuade you to
 2              accept the plea agreement,
 3              Mr. Young?
 4      MR. YOUNG:  No, sir.
 5      THE COURT:  Has anyone threatened you
 6              in any way to persuade you to
 7              accept the plea agreement?
 8      MR. YOUNG:  No, sir.
 9      THE COURT:  Do you understand that the
10              terms of the plea agreement are
11              merely recommendations to the
12              judge, and the district judge can
13              reject the recommendations of the
14              plea agreement.  But if the
15              district judge were to do that, do
16              you understand you would have the
17              opportunity to withdraw your plea
18              of guilty?
19      MR. YOUNG:  Yes, sir.
20      THE COURT:  And if you chose not to
21              withdraw your plea of guilty at
22              that point, then the district
23              judge could proceed to impose a
24              sentence that is even more severe
25              or less severe than that called
```

```
1                        for by the plea agreement?
2          MR. YOUNG:  Yes, sir.
3          THE COURT:  Has anyone attempted in any
4                    way to force you to plead guilty
5                    or, otherwise, threatened you?
6          MR. YOUNG:  No, sir.
7          THE COURT:  Has anyone made any
8                    promises or assurances of any kind
9                    to get you to plead guilty other
10                   than any of the terms that may
11                   have been set out in the plea
12                   agreement?
13         MR. YOUNG:  No, sir.
14         THE COURT:  Are you pleading guilty of
15                   your own free will, in fact,
16                   because you are guilty?
17         MR. YOUNG:  Yes, sir.
18         THE COURT:  Do you understand that the
19                   plea to which -- I'm sorry -- the
20                   offense to which you are pleading
21                   guilty is a felony offense, and
22                   that plea, if accepted by me, you
23                   will be adjudged guilty of the
24                   offense.  And that adjudication
25                   may deprive you of valuable civil
```

```
1              rights such as the right to vote,
2              the right to hold public office,
3              the right to serve on a jury, and
4              the right to possess any kind of
5              firearm.  Do you understand that?
6    MR. YOUNG:  Yes, sir.
7    THE COURT:  Now, Mr. Young, if you
8              plead guilty this morning and I
9              accept your plea of guilty, the
10             maximum sentence that can be
11             imposed upon you by the district
12             judge is a fine of not more than
13             $250,000 or twice the gross loss
14             of any victim or twice the gross
15             gain to yourself, whichever is
16             greatest; not more than ten years
17             imprisonment; or you could receive
18             both the maximum fine and
19             imprisonment.  Do you understand
20             that?
21   MR. YOUNG:  Yes, sir.
22   THE COURT:  In addition, if you are
23             sentenced to a term of
24             imprisonment, you would be subject
25             to a term of supervised release of
```

```
 1                  not more than three years.

 2                  Supervised release is similar to a

 3                  term of probation.  And if you

 4                  were to violate any of the terms

 5                  and conditions of supervised

 6                  release, you could be sent back to

 7                  jail for up to three years in

 8                  addition to any other time that

 9                  you have previously served on the

10                  underlying conviction.  Do you

11                  understand that?

12         MR. YOUNG:  Yes, sir.

13         THE COURT:  In addition, you would have

14                  to pay a mandatory $100 assessment

15                  fee, which is similar to a cost of

16                  court.  And you would be subject

17                  to being made to make restitution

18                  to any victim if there is any

19                  victim of this offense.  Do you

20                  understand that?

21         MR. YOUNG:  Yes, sir.

22         THE COURT:  Now, Mr. Young, in the

23                  event that your plea of guilty is

24                  accepted here today by me, the

25                  next step in your case would be
```

1           sentencing.  Do you understand
2           that, at this moment, not I or
3           even the judge who will ultimately
4           sentence you can tell you what the
5           exact sentence will be that will
6           be imposed upon you at sentencing.
7           Do you understand that?
8       MR. YOUNG:  Yes, sir.
9       THE COURT:  Do you understand that your
10          sentence, whatever your ultimate
11          sentence is, will be determined by
12          a combination of the advisory
13          sentencing guidelines and the
14          statutory sentencing factors under
15          18 U.S. Code Section 3553(a).  Do
16          you understand that?
17      MR. YOUNG:  Yes, sir.
18      THE COURT:  And have you and your
19          attorney talked about how the
20          advisory sentencing guidelines
21          might apply to your case?
22      MR. YOUNG:  Yes, sir.
23      THE COURT:  Do you understand that the
24          sentencing judge will not be able
25          to determine the advisory

```
 1              guidelines range for your case

 2              until after a presentence report

 3              is completed and you and the

 4              United States have had an

 5              opportunity to challenge the

 6              reported facts and the application

 7              of the guidelines recommended by

 8              the probation officer.  And the

 9              sentence imposed ultimately upon

10              you may be different from that

11              which your attorney may have

12              previously estimated for you.  Do

13              you understand that?

14         MR. YOUNG:  Yes, sir.

15         THE COURT:  In other words, your

16              attorney, I am sure, has done his

17              best to give you an idea of what

18              the advisory sentencing guidelines

19              call for, but the sentence that

20              you may get may be substantially

21              different from that.  Do you

22              understand that?

23         MR. YOUNG:  Yes, sir.

24         THE COURT:  Do you understand that

25              after the advisory guidelines
```

```
 1              range has been determined, the
 2              district judge has the authority
 3              in some circumstances to depart
 4              upward or downward from the range
 5              and will examine the other
 6              statutory sentencing factors under
 7              18 U.S. Code Section 3553(a), that
 8              may result in imposition of a
 9              sentence that is either greater
10              than or lesser than that called
11              for by the advisory guidelines.
12              Do you understand that?
13       MR. YOUNG:  Yes, sir.
14       THE COURT:  Do you also understand that
15              parole has been abolished; and if
16              you are sentenced to prison,
17              Mr. Young, you will not be
18              released on parole?
19       MR. YOUNG:  Yes, sir.
20       THE COURT:  Now, Mr. Young, ordinarily
21              a person who pleads guilty to a
22              charge may, if they choose to,
23              appeal their sentence or their
24              conviction.  And it's my
25              understanding that by entering
```

```
1            this plea of guilty, if your plea
2            is accepted by me, that you are
3            waiving your opportunity to appeal
4            the conviction or sentence and to
5            collaterally attack the conviction
6            or sentence.  Do you understand
7            that?
8       MR. YOUNG:  Yes, sir.
9       THE COURT:  In other words, if you get
10           the deal that you have bargained
11           for with the United States, your
12           plea agreement means that you are
13           walking away from any further
14           actions and that you plan to just
15           serve your sentence and be done.
16           Do you understand that?
17      MR. YOUNG:  Yes, sir.
18      THE COURT:  Except on certain specified
19           grounds that are set out in the
20           plea agreement.  Do you understand
21           that?
22      MR. YOUNG:  Yes, sir.
23      THE COURT:  Now, ordinarily, a person
24           can appeal by filing a Notice of
25           Appeal.  And if a person could not
```

```
1              afford an attorney, the Court
2              would consider appointing and
3              paying for an attorney to
4              represent you on appeal and pay
5              for the transcript on appeal.  Do
6              you understand that?
7         MR. YOUNG:  Yes, sir.
8         THE COURT:  But by entering this plea
9              agreement that if you get what you
10             bargained for, then you will have
11             given up your right to appeal.  Do
12             you understand that?
13        MR. YOUNG:  Yes, sir.
14        THE COURT:  Now, you have the right to
15             plead not guilty as you have done
16             previously and to persist in your
17             plea and to persist in your plea
18             all the way to trial.  Do you
19             understand that?
20        MR. YOUNG:  Yes, sir.
21        THE COURT:  And that at a trial, you
22             would have the right to a trial by
23             jury.  Do you understand that?
24        MR. YOUNG:  Yes, sir.
25        THE COURT:  And at trial, you would be
```

```
 1              presumed to be innocent, and the
 2              United States would have to prove
 3              you were guilty beyond a
 4              reasonable doubt by competent
 5              evidence.  Do you understand that?
 6      MR. YOUNG:  Yes, sir.
 7      THE COURT:  And that you would at trial
 8              the right to the assistance of
 9              counsel for your defense, one
10              appointed and paid for by the
11              Court, if necessary, and that your
12              attorney would represent you at
13              trial and every other stage of the
14              proceeding.  And at a trial, you
15              would have the right to see and
16              hear all the witnesses.  You would
17              have the right to cross-examine
18              witnesses in your defense, and you
19              would have the right on your own
20              part to decline to testify unless
21              you voluntarily chose to testify
22              in your own defense.  And you
23              would have the right to subpoena
24              witnesses as you thought necessary
25              to testify on your behalf.  And
```

1          that if you chose not to testify

2          or put on any evidence, those

3          facts could not be used as

4          evidence against you at trial.  Do

5          you understand that?

6     MR. YOUNG:  Yes, sir.

7     THE COURT:  Do you further understand

8          that by entering your plea of

9          guilty today, if I accept your

10         plea of guilty, there will be no

11         trial, and you will have waived or

12         given up your right to a trial as

13         well as those other rights

14         associated with the trial that

15         I've just explained to you.  Do

16         you understand that?

17    MR. YOUNG:  Yes, sir.

18    THE COURT:  Now, Mr. Young, I am a

19         United States magistrate judge.

20         The next high ranking judge than

21         myself is the United States

22         district judge.  You have the

23         right, if you choose to, to enter

24         your plea of guilty before the

25         United States district judge

```
 1              assigned to your case, or you may
 2              consent to me entertaining your
 3              plea of guilty here today.  Did
 4              you and your attorney discuss that
 5              before you came to court?
 6     MR. YOUNG:  Yes, sir.
 7     THE COURT:  And did you sign this form
 8              consenting to me taking your
 9              guilty plea today?
10     MR. YOUNG:  Yes, sir.
11     THE COURT:  And is that your desire for
12              me to entertain your plea of
13              guilty today?
14     MR. YOUNG:  Yes, sir.
15     THE COURT:  I find that the defendant
16              is making a knowing and
17              intelligent waiver of his right to
18              plead guilty before the district
19              judge, and I will proceed to
20              entertain your plea of guilty.
21                   Mr. Young, the indictment in
22              this case charges you with being
23              what we call a felon in possession
24              of a firearm.  The indictment
25              reads that on or about June the
```

1    20th of 2006, in Randolph County,

2    which is in the Middle District of

3    Alabama, you, the Defendant

4    herein, have been previously

5    convicted of a felony as set out

6    in the indictment.  And that

7    thereafter you did knowingly

8    possess in an affecting commerce a

9    firearm, namely, a Harrington and

10    Richardson Topper Model .14 gauge

11    shotgun, in violation of Federal

12    law.

13        At trial, the United States

14    would have to show several things

15    beyond a reasonable doubt and by

16    competent evidence.  They would

17    have to show, first, that prior to

18    June the 20th of 2006, that you

19    had been convicted of a felony

20    under either the Federal or State

21    law.  A felony is a crime for

22    which you could have received a

23    term of imprisonment of more than

24    one year.  They would not have to

25    show that you received a sentence

```
1              in excess of a year, but that the
2              judge could have sentenced you to
3              a term of imprisonment of more
4              than one year.  And that after you
5              had been convicted of that felony,
6              you possessed a firearm.  And that
7              the firearm had traveled in
8              interstate or foreign commerce;
9              that is, the firearm was either
10             made outside the State of Alabama
11             or outside the United States.  And
12             that it thereafter was found in
13             your possession in Alabama.
14                  Those are the things that the
15             United States would have to prove
16             beyond a reasonable doubt and by
17             competent evidence to obtain a
18             conviction of you as of Count One.
19             Do you understand what the United
20             States would have to prove?
21        MR. YOUNG:  Yes, sir.
22        THE COURT:  Who would like to establish
23             a factual basis as what the
24             Defendant's plea of guilty to
25             Count One?
```

```
 1              MR. STUMP:  Your Honor, I would be
 2                   happy to do that.  Mr. Young, in
 3                   order to take your plea, the Judge
 4                   needs to be satisfied that the
 5                   facts that are set out in the plea
 6                   agreement are true.  So, I am
 7                   going to ask you some questions
 8                   now based on those facts.
 9    BY MR. STUMP:
10    Q    Were you in Randolph County, Alabama, on
11         June 20th, 2006?
12    A    Yes, sir.
13    Q    At that time, were you in possession of a
14         Harrington Richardson Topper Model 410 gauge
15         shotgun?
16    A    Yes, sir.
17    Q    At the time that you were in possession of
18         that shotgun, were you a convicted felon?
19    A    Yes, sir.
20    Q    And one of the felonies that you had been
21         convicted of was possession of marijuana,
22         first degree, right?
23    A    Yes, sir.
24    Q    And you had not been pardoned for that
25         conviction, had you?
```

```
 1   A     No, sir.

 2   Q     And you had not had your rights restored by

 3         any other government authority, had you?

 4   A     No, sir.

 5               MR. STUMP:  Okay.  And I'd ask the

 6                    counsel for the Defendant just to

 7                    stipulate that the shotgun

 8                    Mr. Young possessed had been

 9                    manufactured outside the State of

10                    Alabama.

11               MR. BRANTLEY:  We will stipulate to

12                    that.

13               MR. STUMP:  Okay.  I think that's it,

14                    Your Honor.

15               THE COURT:  Now, Mr. Young, you

16                    understand that the next step in

17                    your case would be the preparation

18                    of a presentence report, and the

19                    district judge will then consider

20                    whether or not to accept or reject

21                    your plea of guilty.  And if he

22                    were to choose to reject the plea

23                    agreement, then you would have the

24                    opportunity to withdraw your plea

25                    of guilty.  Do you understand
```

```
1              that?
2       MR. YOUNG:  Yes, sir.
3       THE COURT:  And do you understand
4            further that if you did not
5            withdraw your plea of guilty after
6            having been told that the judge
7            intended to impose a sentence
8            different than the sentence called
9            for by the plea agreement, that
10           you would then have to be bound by
11           whatever the judge decided to do,
12           and you could not withdraw your
13           plea of guilty then.  Do you
14           understand that?
15      MR. YOUNG:  Yes, sir.
16      THE COURT:  All right.  How then do you
17           plead to the charge:  Guilty or
18           not guilty?
19      MR. YOUNG:  Guilty.
20      THE COURT:  It is the finding of the
21           Court in the case of the United
22           States of America versus Jeffrey
23           Wayne Young that the Defendant is
24           fully competent and capable of
25           entering an informed plea, that
```

1    the Defendant is aware of the

2    nature of the charges and

3    consequences of the plea, and that

4    the plea of guilty is a knowing

5    and voluntary plea supported by an

6    independent basis and fact

7    containing each of the essential

8    elements of the offense.  The plea

9    is, therefore, accepted, and the

10   Defendant is now adjudged guilty

11   of that offense.

12        Mr. Young, as I said to you

13   earlier, the next step in your

14   case will be the preparation of a

15   presentence report.  What will

16   happen is the probation officer

17   will come by to interview you to

18   gather information to put into the

19   presentence report.  You are

20   entitled to have your attorney

21   present at any time that the

22   probation officer requests to

23   interview you to put together a

24   presentence report.

25        After the interviews and the

```
1              investigation is complete, a

2              probation officer will put

3              together what is called a

4              presence report.  The

5              presence report will be a

6              written report.  You will receive

7              a copy.  Your attorneys will

8              receive a copy, and the attorney

9              for the United States will receive

10             a copy of the presence report.

11                  If there are matters in the

12             report with which either you or

13             your attorney or the assistant

14             United States Attorney might

15             disagree, you will put those

16             objections, as they are called,

17             into written form and send them to

18             the probation officer.  There will

19             be a meeting with the probation

20             officer where the probation

21             officer, you and your attorneys,

22             and the attorney for the United

23             States will meet.  And during that

24             meeting, if you can resolve your

25             objections, those objections will
```

```
 1              be resolved at that time.  Any
 2              objections which the four of you
 3              cannot resolve will be carried
 4              over to the sentencing before the
 5              district judge, who is Judge
 6              Albritton.
 7                   Judge Albritton will then
 8              consider any arguments which you
 9              would like to make, either
10              yourself or your attorney.  He
11              will consider any evidence which
12              you wish to present.  He will also
13              consider the statutory sentencing
14              factors under 18 U.S.C. Section
15              3553(a).  Likewise, the United
16              States will be able to present any
17              evidence and arguments it wishes.
18              And from all of those factors, the
19              district judge will determine what
20              sentence to impose upon you based
21              on your plea of guilty here today.
22                   Do you understand what is
23              going to occur next?
24         MR. YOUNG:  Yes, sir.
25         THE COURT:  You should expect,
```

1          Mr. Young, that sentencing will be

2          within the next 60 to 70 days.

3          You will be notified by the

4          clerk's office when Judge

5          Albritton, Senior District Judge

6          Harold Albritton, is the judge

7          assigned to your case.  He will

8          set a date and a time for your

9          sentencing, and you should expect

10         on that day that Judge Albritton

11         will impose the sentence that he

12         feels is warranted under the law.

13              Is there anything further

14         with respect to Mr. Young before

15         we adjourn?

16    MR. STUMP:  Not from the United States,

17         Your Honor.

18    THE COURT:  Anything from the

19         Defendant?

20    MR. BRANTLEY:  Nothing further, Your

21         Honor.

22    THE COURT:  The Court is in recess.

23              (Hearing concluded at

24              approximately 11:23 a.m.)

25         *     *     *     *     *

```
 1      R E P O R T E R'S   C E R T I F I C A T E

 2

 3   STATE OF ALABAMA)

 4   ELMORE COUNTY)

 5

 6           I, Jeana S. Boggs, Certified Professional

 7   Reporter and Notary Public in and for the State of

 8   Alabama at Large, do hereby certify on Tuesday,

 9   April 15, 2008, I reported the CHANGE OF PLEA

10   HEARING of JEFFREY WAYNE YOUNG, who was first duly

11   sworn to speak the truth, the whole truth, and

12   nothing but the truth, in the matter of UNITED

13   STATES OF AMERICA, Plaintiff, versus JEFFREY WAYNE

14   YOUNG, Defendant, Case No. 3:08-cr-00037-WHA-TFM-1,

15   now pending in the United States District Court for

16   the Middle District, Northern Division of Alabama;

17   that the foregoing colloquies, statements, questions

18   and answers thereto were reduced to 28 typewritten

19   pages under my direction and supervision; that the

20   hearing is a true and accurate transcription of the

21   testimony/evidence of the examination of said

22   witness by counsel for the parties set out herein.

23           I further certify that I am neither of

24   relative, employee, attorney or counsel of any of

25   the parties, nor am I a relative or employee of such
```

**Boggs Reporting & Video**
**334.264.6227/800.397.5590   www.boggsreporters.com**

1   attorney or counsel, nor am I financially interested

2   in the results thereof.  All rates charged are usual

3   and customary.

4           This the 28th day of April, 2008.

5

6

7                           s:/Jeana S. Boggs
                           _____
8                           Jeana S. Boggs
                           Certified Court Reporter and
9                           Notary Public
                           Commission expires: 8/7/2010
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25